Jesse E. TAYLOR, Petitioner,

v.

John W. MACY, Jr., Chairman, United States Civil Service Commission, et al., Respondents.

No. 65–1317.

United States District Court
S. D. California,
Central Division.

March 4, 1966.

Burton Marks, Beverly Hills, Cal., for petitioner.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for the Government.

BYRNE, Chief Judge.

It appearing to the Court that:

(1) this is an action in the nature of mandamus and for damages arising out of the alleged wrongful discharge of a civil service employee; petitioner was employed as a Supervisory Contract Specialist for the United States Air Force at Norton AFB, California; it is conceded that the petitioner was a veteran-preference employee entitled to the benefits of 5 U.S.C.A. § 863;

(2) on June 23, 1964, a Notice of Removal was sent to the petitioner by Head-

quarters Ballistics System Division informing him that "it is proposed to remove you from your position with the Air Force not earlier than 30 calendar days after your receipt of this letter, for a major offense of misconduct."; the Notice specified four incidents of alleged misconduct; two of these involved the arrests, pleadings and convictions for violation of Cal.Pen.Code § 647, subd. 5 for vagrancy-lewd; the other grounds were the alleged failure to register as a sex offender within the San Bernardino area and an alleged solicitation of a Naval Officer for immoral purposes by the petitioner at Norton AFB on June 4, 1964; petitioner was informed of his right to answer the charges within five days; he was kept on active duty at full pay for the advance notice period;

(3) on June 27, 1964, the petitioner by affidavit and through his attorney replied to the charges made in the Notice of Removal; he alleged that the two convictions under Cal.Pen.Code § 647, subd. 5 had been expunged pursuant to Cal.Pen.Code § 1203.4; further he alleged that he was not required to register as a sex offender under California law after his convictions had been expunged; the alleged solicitation of the Naval Officer was denied by affidavit;

(4) on July 16, 1964, the petitioner received a Notice of Final Decision—Removal from Headquarters Ballistics System Division which informed him that he was to be removed effective July 27, 1964; the findings stated that even though the convictions had been expunged under state law, the fact of misconduct could still be properly considered in assessing petitioner's fitness to continue employment; the findings also concluded that the failure to register as a sex offender had occurred during the period prior to the expunging of the convictions and thus was a violation of California law; no further mention was made of the alleged solicitation; in reviewing everything it was concluded that the removal of the petitioner was in the best interest of the Air Force and would contribute to the efficiency of the Federal Service; petitioner was informed of his right to appeal the decision through either the Air Force or the Civil Service Commission;

(5) on July 24, 1964, the petitioner appealed this decision to the United States Civil Service Commission for the 12th District pursuant to 5 C.F.R. § 752 on the ground that the Air Force proceeded without jurisdiction and contrary to law and that its decision was not supported by the findings or the evidence; on October 16, 1964, the Civil Service Commission concluded that the removal had been based on the two arrests and convictions; it further concluded that the other two charges were not sustained by the evidence and dismissed them; the Commission decided that the arrests and convictions for offenses involving immoral conduct were sufficient by themselves to sustain the removal;

(6) on October 19, 1964, the petitioner appealed this decision to the Board of Appeals and Review of the United States Civil Service Commission on the ground that the findings of the Commission that the petitioner had twice been found guilty of criminal charges based on immoral conduct were not supported by any evidence on the record and thus the removal was both arbitrary and capricious; on April 21, 1965, the Board of Appeals and Review sustained the decision of the Commission on the ground that the expungement of the convictions did not establish original innocence nor give rise to any other basis for setting aside the administrative action;

(7) on September 3, 1965, this action was filed; cross-motions for summary judgment were filed on February 11, 1966;

(8) the sole ground relied upon by the Commission was the arrests and convictions for immoral conduct and as it is their legal effect which is now in question, this is a proper case for the Court to grant summary judgment to the party entitled to prevail as a matter of law;

(9) in removal cases there are two grounds on which the discretionary decision of an executive may be reviewed; the removal must comply with the procedure set out in the statutes and the decision to remove must not be arbitrary or capricious, McTiernan v. Gronouski, 337 F.2d 31 (2d Cir.1964);

(10) the petitioner's removal was based on the arrests and convictions involving two offenses of immoral conduct; the records show that the petitioner was in fact arrested and convicted for violations of what was then Cal.Pen.Code § 647, subd. 5:

"5. Every lewd or dissolute person, or every person who loiters in or about public toilets in public parks; * * * [i]s a vagrant, and is punishable by a fine of not exceeding five hundred dollars ($500), or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment;"

(11) following a period of probation both of these convictions were expunged under Cal.Pen.Code § 1203.4:

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; * * *";

(12) petitioner contends that the decision to remove him based upon the two convictions was improper because these convictions had been eliminated by the actions taken in the state courts pursuant to § 1203.4;

(13) while the State of California has forgiven the petitioner to the extent of releasing certain penalties and disabilities, the acts continue to exist and it would be absurd to find that the executive authorities were arbitrary and capricious in considering these expunged convictions in assessing the character of the petitioner in proceedings for the removal of a civil service employee, nor would it be arbitrary and capricious to denominate the acts as major offenses of misconduct;

(14) the removal of the petitioner was based on reasonable and substantial evidence and complied with the statutes, and the decision to remove was not arbitrary or capricious.

It is ordered that the respondents' motion for summary judgment is granted and the petitioner's motion for summary judgment is denied;

It is further ordered that the clerk of the Court this day serve a copy of this order by United States mail on the attorneys appearing in this action.