**Donald E. DONOVAN**

v.

**UNITED STATES of America et al.,
Appellants.**

**No. 23408.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 15, 1970.

Decided July 16, 1970.

Petition for Rehearing Denied

Sept. 22, 1970.

Mr. Donald L. Horowitz, Atty., Department of Justice, with whom Messrs.

---

Alan S. Rosenthal and Stephen R. Felson, Attys., Department of Justice, and Thomas A. Flannery, U. S. Atty., were on the brief, for appellants. Mr. John A. Terry and Mrs. Ellen Lee Park, Asst. U. S. Attys., also entered appearances for appellants.

Mr. Donald H. Dalton, Washington, D. C., for appellee.

Before WRIGHT and TAMM, Circuit Judges, and NICHOLS,* Judge, United States Court of Claims.

NICHOLS, Judge:

The plaintiff, Mr. Donovan, sues for back pay and reinstatement. A probationary employee of the Federal Aviation Administration (FAA), he was discharged for alleged incompetence within one year of his first employment. He sought administrative relief unsuccessfully with the Civil Service Commission (CSC), which denied it on the ground that he was not claiming under one of the limited grounds available to probationers. In his ensuing district court suit, both sides moved for summary judgment. The trial court denied defendant's motion to strike certain exhibits and simultaneously granted plaintiff summary judgment. We disagree and reverse.

The defendant relied below, and here, on the long-standing rule that the rights of a new probationary employee do not ripen into tenure until a year has run. Under 5 C.F.R. § 315.801–804, the agency is to determine the fitness of the employee during the probationary period and is to terminate him if he has not demonstrated his qualifications. Defendant cites Jaeger v. Freeman, 410 F. 2d 528 (Fifth Cir.1969), and Medoff v. Freeman, 362 F.2d 472 (First Cir.1966), as recognizing the special position of probationary employees under the Civil Service laws, and the burden resting upon them to demonstrate their character and fitness during the probationary period. We add Horne v. United States, 419 F.2d 416, 190 Ct.Cl. 145 (1969), and

Stoddart v. United States, 189 Ct.Cl. 572 (1969).

Mr. Donovan does not deny that he was unfit. That is what differentiates this case from the precedents. Rather he wants us to infer that he was unfit only because the employing agency did not help him to become fit as it should have done, during his probationary period. The lower court held (opinion reported 298 F.Supp. 674 (1969)) that the termination was illegal because the FAA had not followed, respecting plaintiff, certain provisions in its own regulations calling for his counseling and training. It attached in this connection most weight to the FAA Employee Performance Improvement Handbook, PT P 3400.2, promulgated November 17, 1964, but not published in the C.F.R. or Federal Register so far as counsel have advised. The court below viewed this document as mandatory, citing Thorpe v. Housing Authority, 393 U.S. 268, 89 S. Ct. 518, 21 L.Ed.2d 474 (1969).

In *Thorpe* however, Chief Justice Warren finds to be mandatory the "circular" there involved after a careful investigation of the intention of its authors. The case is not authority for fastening mandatory consequences on all sorts of papers emanating from Federal agencies, without regard to actual intentions. In Piccone v. United States, 407 F.2d 866, 186 Ct.Cl. 752 (1969) (concurring op. at 407 F.2d 876, 186 Ct.Cl. 770), there is a discussion of the difficult problems involved in making the determination whether a publication is mandatory or advisory. The same publication may be mandatory as to the rights of some and not so as to others. Chris Berg, Inc. v. United States, 426 F.2d 314, 192 Ct.Cl. 176 (decided May 15, 1970).

Plaintiff was hired in Grade GS–13, not a trainee grade, but relatively high in the Civil Service pecking order. His title was "General Business Industry Officer." His first assignment was to rewrite the ponderous Federal Aviation

---

* Sitting by designation pursuant to Title 28, U.S.Code, Section 293(a).

**524**

Procurement Manual. Though new to Government, he had many years of private business experience. Thus the inference is inescapable that the agency, when it hired plaintiff, thought he was capable of undertaking important and responsible work at once.

 It is impossible to find in the Handbook a clear mandate to take any specific measure within any specific period of time. The Handbook never mentions probationary employees and offers no time schedule within which the training, counseling, and employee development activities therein demanded of supervisors might all be made available during the short time an employee was in probationary status. It is apparently a general directive to supervisors, setting forth methods and standards of good supervision, to be implemented as found to be needed in individual cases. It was not written to prescribe an iron rule to be applied alike to probationary and tenure employees, to the experienced and inexperienced, to high grades and low. *See* Medoff v. Freeman, *supra,* (at p. 475 of 362 F.2d) interpreting an executive order on personnel matters as "imposing no hard and fast directives on the many different kinds of employees" as leaving "large areas for the exercise of discretion" and as not abolishing "a major difference between the probationary and the permanent employee." (The first two quotations above were drawn with approval by the *Medoff* court from Manhattan-Bronx Postal Union v. Gronouski, 121 U.S.App.D.C. 321, 350 F.2d 451 (1965), cert. denied, Manhattan-Bronx Postal Union v. O'Brien, 382 U.S. 978, 86 S.Ct. 548, 15 L.Ed.2d 469 (1966)).

Plaintiff admits he got some counseling and training but says it was not enough. There is a dispute, which we need not resolve, whether plaintiff was not allowed to take a writing course because it was not given, or for some other reason. The court below lays great stress on the fact plaintiff's superior was absent from the office for 89 days during the probationary period. Plaintiff and the court below refer to other handbooks which we need not itemize. They are no more specific in mandating anything for or about probationary employees than the one discussed above.

 What it adds up to is that plaintiff has asked the courts to substitute their judgment for that of the FAA officials in the exercise of discretionary management functions. There is no showing made of action which is contrary to law, arbitrary or capricious. It is not for us to say whether we could have implemented the applicable directives in a more satisfactory fashion, for the task was not given for us to perform.

Accordingly, the judgment of the District Court is reversed. The complaint is dismissed.