Joseph **RACANELLI**, Appellant,

v.

**UNITED FEDERATION OF POSTAL CLERKS** (Plaintiff Intervenor),

v.

Joseph A. **BENUCCI**, Postmaster at Newark, N. J., et al.

No. 71-1081.

United States Court of Appeals, Third Circuit.

Argued Jan. 4, 1972.

Decided Feb. 24, 1972.

Edward A. Cohen, Newark, N. J. (Beckerman, Franzblau & Cohen, Newark, N. J., on the brief), for appellant.

Judith S. Feigin, U. S. Department of Justice, Washington, D. C. (L. Patrick Gray, III, Asst. Atty. Gen., Herbert J. Stern, U. S. Atty., Robert V. Zener, John F. Dienelt, Attys., Department of Justice, Washington, D. C., on the brief), for appellees.

Zachary Schneider, Newark, N. J. (Donald M. Murtha, Washington, D. C., on the brief), for United Federation of Postal Clerks.

Before HASTIE and MAX ROSENN, Circuit Judges, and McCUNE, District Judge.

## OPINION OF THE COURT

MAX ROSENN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of New Jersey granting summary judgment. The district court held that appellant's dismissal from employment as a postal clerk in the United States Post Office at Newark, New Jersey, was in substantial compliance with the proper procedural requirements, and was supported by substantial evidence. Appellant argues that several violations of due process during the administrative procedures which preceded and followed his dismissal warrant his reinstatement at his former position with the Postal Department, retroactive to his termination. We cannot agree.

Appellant worked the 10:30 P.M. to 7:00 A.M. shift in the Newark Post Office. In May of 1967 he also took on an additional job as a health inspector for the Health Department of the City of Newark, working from 9:00 A.M. until 4:00 P.M. His dismissal, and this appeal, arise from the fact that on numerous occasions between May 1, 1967, and June 27, 1967, the appellant was absent from his postal employment, but not from his employment with the Health Department.

On July 19, 1967, the Newark Postmaster informed appellant by letter that he proposed to remove him from the Postal Department because of "subordi-nation of your position . . . in that you reported . . . your inability to report for duty or to complete your scheduled tour of duty, while you were regularly reporting for duty as scheduled . . . as an employee of the . . . Department of Health and Welfare, City of Newark." Appellant responded in writing denying all charges. By letter dated August 9, 1967, the Postmaster informed appellant that he had decided to remove him from his employment. Appellant appealed to the Director of the Philadelphia Regional Office of the Postal Department.

A hearing was held on October 16, 1967. Undenied evidence clearly showed that appellant had been absent from his postal employment while he had reported for work as a Health Inspector. Appellant argued, however, that he had been absent because he was caring for his sick wife, for whom he could arrange care during the day but not at night. Appellant also charged that his dismissal was precipitated by the anti-union feelings of the Postmaster, directed at appellant since he was an official with the Postal Union. Prior to the hearing, appellant requested that the Postmaster and Postal Supervisor attend. Neither chose to come.

The Regional Director sustained the charges but reduced appellant's dismissal to a reprimand. The Director noted that since the dismissal had been so reduced, appellant was not entitled to an appeal. The Director also notified the appellant that he would have to terminate his outside employment within thirty days, or face dismissal.

Appellant did not terminate his outside employment, and on December 29, 1967, the Postmaster, by letter, again notified appellant that it was proposed to dismiss him from the department. Appellant replied with various arguments that asserted the injustice of this decision. On January 19 the Postmaster advised appellant that it had been decided to dismiss him and on February 5, 1968, appellant was dismissed from the service.

Appellant again appealed to the Regional Director of the Philadelphia Regional Office of the Post Office Department. A hearing was held on March 7, 1968. At this hearing, appellant attempted to argue that he had been dismissed because of his union activities. The hearing examiner held, however, that this was not relevant to the charges and therefore did not allow material related to this charge to be made part of the record. The Regional Director sustained appellant's dismissal.

Appellant next appealed to the Regional Director of the Civil Service Commission in the New York Region. On July 16, 1968, a Civil Service hearing was held. At this hearing, appellant introduced evidence to show that his dismissal had been motivated by the anti-union prejudice of the Postmaster. The Regional Director upheld appellant's dismissal, and his decision was appealed to the Board of Appeals and Review of the Civil Service Commission, which upheld the Regional Director. Suit was then instituted in the district court. Summary judgment was granted against appellant on motion of the Government.

Four arguments are pressed, by appellant, against the procedures leading to and following his dismissal.

■ First, appellant argues that his written request to have the Postmaster and supervisor present at his first hearing should have been honored. His position is predicated upon Article X, Section G(3) of the collective bargaining agreement between the United States Postal Department and various postal unions, in effect at the time of appellant's dismissal and hearing. Assuming that the witnesses should have been provided as appellant had requested, this would not be such an error as to require reversal. In the hearing before the Civil Service Commission, appellant again put forth his argument that his dismis-

sal was motivated by the anti-union bias of the Postmaster. At this hearing, appellant had an opportunity to request that these same witnesses appear. Yet appellant, in what was apparently a change of strategy, did not make any attempt to call them.[1] Having been given a second chance to fully present what evidence he cared to present, appellant cannot now complain that in the first instance he was denied the right to present certain witnesses. McTiernan v. Gronouski, 337 F.2d 31 (2d Cir. 1964).[2] Moreover, there was overwhelming evidence to show that appellant's dismissal was made on the basis of his subordination of his postal job to his other employment. Cf. DeLong v. Hampton, 422 F.2d 21 (3d Cir. 1970).

■ Secondly, appellant argues that it was error to characterize the "letter of reprimand" which followed the first hearing as an unappealable decision. Under the agreement between the Post Office and the unions, only an "adverse action" is appealable. We need not decide whether this letter of reprimand constituted an "adverse action." Since appellant was able to fully explore all pertinent issues during his hearing with the Civil Service Commission, and since appellant had an appeal from that hearing and decision, the characterization of the "letter of reprimand" as an unappealable decision was harmless error, if any.

■ Thirdly, appellant contends that the Regional Director of the Civil Service Commission failed to consider pertinent issues. In essence, the argument is that the Commission limited itself to the narrow issue of whether appellant had refused to comply with the command in the letter of reprimand, namely, that he eliminate his outside employment. Appellant's argument on this point is simply incorrect on the facts. In the Civil Service hearing of July 16, 1968, all of

1. Had appellant requested to call these witnesses before the Civil Service hearing, and had such a request been denied, appellant's position would be considerably stronger.

2. "Thus appellant was granted a hearing *de novo* on the merits of his dismissal and . . . any error which may have clouded the earlier proceedings . . . has been cured." McTiernan v. Gronouski, 337 F.2d 31, 35 (2d Cir. 1964).

appellant's old contentions concerning adequate review and anti-union motivation on the part of the Postmaster were raised. Additionally, appellant argued that other postal employees had received more lenient treatment for the same offense.

Fourth and finally, appellant contends that the review by the Board of Appeals of the Regional Director of the Civil Service Commission's decision was limited in such a way as to have precluded any effective consideration of his arguments. Again, appellant's contentions are wrong on the facts. The Board of Appeals noted that it had "carefully reviewed the complete appellate record in this case." The complete appellate record included all points raised by appellant before the Regional Director. Indeed, these were the same points which have been raised before this court.

The order of the district court granting summary judgment will be affirmed.