**Roberto DIAZ, Plaintiff,**

**v.**

**UNITED STATES POSTAL SERVICE; Cristobal Lliteras, in his official capacity as District Manager Postmaster U.S. P.S., and in his individual capacity; Carlos J. Falu, in his official capacity as District Manager-Customer Services U.S.P.S., and in his individual capacity, Defendants.**

**Civ. No. 85–1683(RLA).**

United States District Court, D. Puerto Rico.

Aug. 17, 1987.

Harry Anduze Montaño, Santurce, Puerto Rico, for plaintiff.

Osvaldo Carlo Linares, Asst. U.S. Atty., Office of the U.S. Atty., Civil Div., Hato Rey, Puerto Rico, for defendants.

**1.** Plaintiff also requests that Sections 661.3(F) and 661.53 of the Employee Labor Relations Manual of the Postal Service be declared unconstitutional, that defendants Lliteras and Falú be

## OPINION AND ORDER

ACOSTA, District Judge.

Roberto Díaz filed a petition for injunctive relief and declaratory judgment against the United States Postal Service, Cristobal Lliteras and Carlos J. Falú requesting, *inter alia,* reinstatement and backpay [1].

Jurisdiction against the defendants is predicated under 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201 and 2202.

Before the Court is defendants' motion for summary judgment pursuant to Fed.R. Civ.P. 56.

At the core of this controversy is whether the final decision to remove plaintiff from his former employment as Postmaster of the United States Postal Service in Toa Baja is arbitrary, capricious or not supported by the evidence presented at the administrative hearing.

## PROCEDURAL BACKGROUND

Plaintiff filed a Petition for Injunction and for Declaratory Judgment on August 13, 1985. A consolidated answer to the Petition was filed by all defendants on October 9, 1985. On November 1, 1985 defendants filed a motion requesting stay of the judicial proceedings since plaintiff had been granted certain disability benefits and there were certain administrative proceedings pending that could render some of the controversies in the instant action moot. On November 5, 1985 an Order was entered by this Court for a stay pending the outcome of the administrative proceedings.

On August 26, 1986, defendants were ordered to file a motion for summary judgment. Plaintiff was ordered to file any opposition thereto within ten days of his receipt of defendants' motion. Defendants' motion for summary judgment was filed on September 26, 1986. Plaintiff's opposition was filed on October 9, 1986.

enjoined from making public statements regarding plaintiff and that all defendants be enjoined from announcing or posting plaintiff's former position within the Postal Service.

The Court, having considered the arguments presented and the evidence submitted by the parties, makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff Roberto Díaz entered the Postal Service on March 22, 1958 and was appointed Postmaster of Toa Baja, Puerto Rico, on July 10, 1982.

2. On March 14, 1984 plaintiff removed from the Toa Baja Post Office a parcel containing a "Midland" cord-free telephone. Said telephone was put in a brown paper bag and placed in the trunk of plaintiff's privately owned vehicle.

3. The parcel contained an AT–4 transmitter, a device used by the postal inspectors to monitor mail through a series of signals given by the transmitter when activated.

4. Pursuant to a Search Warrant issued by the United States Magistrate, a search of plaintiff's vehicle was performed by Postal Inspectors. The parcel was discovered in the trunk of plaintiff's vehicle.

5. On March 14, 1984, plaintiff was arrested and charged with violations to 18 U.S.C. Sections 1702 and 1709. He was later acquitted by a jury.

6. Administratively, the Postal Service charged plaintiff with removal of mail from the mail stream and delay of mail. In addition, he was charged with a violation of Sections 661.3(f) and 661.53 of the Code of Ethical Conduct in the Employee and Labor Relations Manual of the Postal Service.

7. On March 27, 1984, a "Notice of Proposed Indefinite Suspension" was sent by the Postal Service to plaintiff Díaz.

8. On April 4, 1984, plaintiff's counsel sent a letter to defendant Carlos J. Falú requesting an extension of time to respond to the aforestated notice.

9. On April 6, 1984, plaintiff's counsel's request for additional time to respond was granted.

10. On April 7, 1984, plaintiff was placed on a non-duty non-pay status.

11. On May 4, 1984, a "Letter of Decision—Indefinite Suspension" was sent to plaintiff Díaz.

12. On May 10, 1984, plaintiff's counsel sent a letter to John G. Mulligan, Regional Postmaster General, requesting that Mr. Díaz be returned to pay status with full back pay.

13. On June 13, 1984, a letter was sent to plaintiff advising him that he was being returned to pay status in his position as postmaster effective June 11, 1984 but that he was not to report for duty.

14. On June 15, 1984, a "Notice of Proposed Adverse Action" was sent to Mr. Díaz.

15. On June 25, 1984, plaintiff's counsel sent a letter of rebuttal of the administrative charges pending against Mr. Díaz.

16. On August 28, 1984, plaintiff's counsel sent a letter in response to "Notice of Proposed Adverse Action—Removal".

17. On August 31, 1984, a "Letter of Decision-Adverse Action Removal" was sent to plaintiff. Said letter also advised the plaintiff of his appeal rights.

18. On September 4, 1984, a letter of decision was sent to plaintiff Díaz informing him that the effective date of removal would be October 9 instead of October 8.

19. On September 14, 1984, plaintiff's counsel sent a letter to John G. Mulligan, Regional Postmaster General, requesting appeal and hearing.

20. On December 18, 1984, a Step I Appeal Hearing was held at the General Post Office building in Hato Rey, Puerto Rico.

21. On February 14, 1985, Peter H. Gillespie, Hearing Officer Northeast Region, submitted a summary of facts of the Step I Appeal Hearing.

22. On February 27, 1985, a Step I Decision was issued by Joel S. Trosch, Acting Regional Director, Employee and Labor Relations Department. It was found that the charges in the advance notice of proposed removal were supported by a preponderance of the testimony and documented evi-

dence of record presented at the Step I Hearing.

23. On March 20, 1985, plaintiff's counsel filed an appeal of the Step I Decision to the Postmaster General.

24. On June 11, 1985, David H. Charters, Assistant Postmaster General, issued a Step II decision whereby the Step I Decision was affirmed.

25. While the instant action was pending a final disposition, the Office of Personnel Management approved plaintiff's disability retirement application. The Postal Service was directed by said office to separate plaintiff from employment "as quickly as possible".

## CONCLUSIONS OF LAW

### 1. *Administrative Review*

For purposes of the motion before us, we will give plaintiff every favorable inference of fact we can muster from the record in determining whether or not this case presents a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

The first issue before us is whether the final decision to remove plaintiff from his employment as Postmaster is arbitrary, capricious or not supported by the evidence presented at the administrative hearing.

At the outset we note the scope of judicial review of an agency's personnel actions as set forth in *Gueory v. Hampton*, 510 F.2d 1222, 1225 (D.C.Cir.1974).

... we must at the outset be cognizant of the limited review function of both the district court and court of appeals in employee adverse action litigation. Our prior opinions establish the judicial review of administrative action. Discretion primarily lies in the hands of the administrative agencies involved, and the courts will not substitute their own judgment for that of the agency's. Review is thus limited to whether the agency denied the employee his appropriate procedural rights and whether the decision to remove the employee was arbitrary and capricious. (Citation omitted.)

■ Judicial review of an agency's personnel actions is narrow and limited to review of the administrative record. *Doe v. Hampton*, 566 F.2d 265 (D.C.Cir.1977); *Elliott v. Phillips*, 611 F.2d 658 (6th Cir. 1979); *Polcover v. Secretary of the Treasury*, 477 F.2d 1223 (D.C.Cir.1973); *cert. denied*, 414 U.S. 1001, 94 S.Ct. 356, 38 L.Ed.2d 237 (1973); *McTiernan v. Gronouski*, 337 F.2d 31 (2nd Cir.1964).

In *McTiernan, supra,* 337 F.2d at 34, the court held that review of an agency decision discharging an employee, being a matter of discretion, is "subject to judicial supervision only to the extent required to insure substantial compliance with the pertinent statutory procedures provided by Congress ... and to guard against arbitrary or capricious action". *United States v. Professional Air Traffic Controllers Organization (PATCO)*, 438 F.2d 79, 80–81 (2nd Cir.1970), *cert. denied*, 402 U.S. 915, 91 S.Ct. 1373, 28 L.Ed.2d 661 (1971).

■ Accordingly, the reviewing courts should not substitute their own judgment for that of the agency or inquire into the wisdom of personnel decisions, since such decisions are typically within the particular competence and discretion of executive officials. *Donovan v. United States*, 433 F.2d 522 (D.C.Cir.1970), *cert. denied*, 401 U.S. 944, 91 S.Ct. 955, 28 L.Ed.2d 225 (1971); *Studemeyer v. Macy*, 321 F.2d 386 (D.C.Cir.1963), *cert. denied*, 375 U.S. 934, 84 S.Ct. 337, 11 L.Ed.2d 265 (1963).

Our review must be based solely upon the administrative record. No *de novo* review can be had in this proceeding. We need only determine that the administrative record evidences the necessary procedural steps for the removal of plaintiff. *Fineman v. United States Postal Service*, 555 F.Supp. 1336, 1341 (S.D.New York 1983).

The First Circuit has recently held that because the Postal Service is imbued with the public trust, it has a legitimate interest in being able to easily examine the conduct of its employees in order to ensure their honesty and trustworthiness. For this reason, a Postal Service employee can be dismissed based on inferences of serious untrustworthiness. *Kissinger v. United States Postal Service*, 801 F.2d 551 (1st

Cir.1986) (upholding dismissal of employee who was convicted of failure to disclose material facts in required union reports and willfully concealing or destroying union records). *See also Weston v. Department of Housing and Urban Development,* 724 F.2d 943 (Fed.Cir.1983) (upholding dismissal of employee who had refused to cooperate in internal agency investigation of activities far removed in function and place from her present position).

■ When an agency offers substantial evidence and adequate justification for a removal action, there is a strong presumption that the discharge was for good cause. *Doe v. Hampton, supra,* at 271; *Phillips v. Bergland,* 586 F.2d 1007 (4th Cir.1978).

In *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 619–20, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966), the Supreme Court defined substantial evidence as follows:

> ... as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Consolidated Edison Co. v. Labor Board,* 305 U.S. 197, 229 [59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)] ... This is something less that the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent any administrative agency's finding from being supported by substantial evidence.

The transcript of administrative hearing held on December 18, 1984[2] reveals that plaintiff's counsel stipulated that his client placed a parcel that he found at the postal station in the trunk of his privately owned motor vehicle, and that the parcel was later recovered from the trunk of the car at plaintiff's residence. (Tr. 6, 26.)

Plaintiff testified that on March 14, 1984 at 5:25 p.m. he found the parcel containing

a telephone and that the same had no address label or return instructions and no meter slip. (Tr. 194, 195, 196.) Postal Inspector Frederick Baraga testified that there was an address on the parcel and a return address (Tr. 55). He further testified that plaintiff prior to his arrest, denied taking *any* parcel out of the post office (Tr. 24, 25).

Two other Postal Service employees, María Hernández and David Sotomayor, testified that there was an address on the parcel. (Tr. 58–59, 64–66, 76).

Horacio Clavell, a manager in the Delivery and Collections Department of the Postal Service, testified that a postal employee, including a postmaster, may not place mail in his own car or in his own home in order to carry out his duties (Tr. 112). Furthermore, plaintiff's expert witness, a postmaster for 36 years, testified that he would not have taken the parcel home[3] (Tr. 161, 162).

■ Plaintiff was administratively charged with removing mail from the mail stream. We find from our review of the administrative record that the agency's determination that plaintiff removed mail from the mail stream was supported by substantial evidence and was not arbitrary or capricious[4]. Furthermore, our review of the administrative records reveals that the required administrative procedural steps have been substantially complied with. *Brown v. Zukert,* 349 F.2d 461, 463 (7th Cir.1965), *cert. denied,* 382 U.S. 998, 86 S.Ct. 588, 15 L.Ed.2d 486 (1966).

### 2. *Constitutionality of Postal Service Manual*

In his petition for injunctive relief and declaratory judgment plaintiff further re-

---

**2.** Together with their motion for summary judgment, defendants submitted the complete record of administrative proceedings for the Court's review.

**3.** Section 254.322 of the Postal Operations Manual specifies that "the employee finding a nonregistered rifled parcel should take it directly to a superior who will immediately complete U.S. Postal Service Form 673". Plaintiff's counsel stipulated that plaintiff is familiar with P.S. Form 673—Report of Rifled Parcel (Tr. 50).

**4.** Even assuming, *arguendo,* that our appreciation of the evidence in the record as a whole would lead us to reach a different conclusion than that reached by the agency, courts may not substitute their own judgment for that of the agency. *Donovan v. United States, supra.* The record reveals that there was sufficient evidence from which a reasonable mind could make the same conclusion the agency made in the instant case.

quests that Sections 661.3(f) [5] and 661.53 [6] of the Code of Ethical Conduct in the Employees and Labor Relations Manual of the United States Postal Service be declared unconstitutional.

Plaintiff contends that since the administrative charges under these two sections of the manual refer to the alleged adverse publicity received by the Postal Service when they charged plaintiff with wrong doing, the sections discriminate against employees by making them responsible for any adverse media coverage involving any allegations the Postal Service itself institutes. In other words, plaintiff is arguing that the Postal Service brings the adverse publicity upon itself and therefore should not penalize employees.

■ We do not need to reach the issue of the constitutionality of Sections 661.3(f) and 661.53 since the instant action may be decided without considering said issue [7]. Courts will usually avoid issues of the constitutionality of laws or regulations when a case may be decided without considering such issues. *Carlin Communications, Inc., v. F.C.C.*, 749 F.2d 113, 118 (2nd Cir. 1984).

■ As stated before, there was substantial evidence presented at the administrative hearing from which a reasonable mind could reach the conclusion that plaintiff removed mail from the mail stream. The penalty of removal imposed upon plaintiff for said violation alone was not so disproportionate to the offense as to be an abuse of discretion.

The First Circuit has cited the following standard of review of an administrative penalty as set down by the Court of Claims in *Giles v. United States*, 213 Ct.Cl. 602, 553 F.2d 647, 650–51 (1977):

(A reviewing) Court will normally defer to the administrative judgment on appropriate corrective action unless its severity appears totally unwarranted in light of such factors as the range of permissible punishment specified by statute or regulation, the disciplined party's job level and nature, his record of past performance, the connection between his job and improper conduct charged and the strength of the proof that the conduct occurred. (Citations omitted.)

Plaintiff as a postmaster had the duty to protect and deliver the mail. He is the highest level official within a United States Post Office. He not only is "entrusted with items of importance and value by the public" but also the "common sense implications that requiring the retiring of /plaintiff/ would have on other postal employees and on the public in general" cannot be avoided. *United States Postal Service v. American Postal Workers Union (COTE)*, 736 F.2d 822, 825 (1st Cir.1984). In this case there has been a strong showing that the plaintiff/postmaster took mail to his own home without authority, therefore, the penalty of removal does not appear to be disproportionate to said offense.

■ It is immaterial that said wrongdoing could also rise to the level of criminal activity; or that plaintiff was acquitted in criminal proceedings from a complaint arising out of the same facts. See *Polcover v. Secretary of the Treasury, supra.* The courts have long recognized the difference in the standard of proof between a criminal

---

5. Section 661.3 of the Employee and Labor Relations Manual reads in its pertinent part as follows:

"Employees must avoid any action, whether or not specifically prohibited by this Code, which might result in or create the appearance of:

  a ...
  b ...
  c ...
  d ...
  e ...
  f. Affecting adversely the confidence of the public in the integrity of the Postal Service."

6. Section 661.53 of the manual reads as follows:

"No employee will engage in criminal, dishonest, notoriously disgraceful or immoral conduct, or other conduct prejudicial to the Postal Service. Conviction of a violation of a criminal statute may be grounds for disciplinary action by the Postal Service, in addition to any other penalty by or pursuant to statute."

7. Although we do not reach the issue of the constitutionality of Sections 661.3(f) and 661.53, we note that plaintiff's request for declaratory judgment as to this issue is based on conclusory allegations rather than factual allegations.

and administrative hearing. *Finfer v. Caplin*, 344 F.2d 38, 41 (2nd Cir.1965); *cert. denied*, 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965).

### 3. *Injunctive Relief*

■ Plaintiff further requests that defendants Lliteras and Falú be enjoined from making public statements regarding plaintiff. He contends that the defendants have made slanderous statements which tend to defame his name and damage his reputation.

Petitions for injunctive relief, however, are only entertained by the courts if the petitioner has no other adequate remedy at law. If there is an adequate remedy at law, equitable relief is unavailable. *Infusaid Corp. v. Intermedics Infusaid, Inc.*, 739 F.2d 661 (1st Cir.1984).

Plaintiff has available adequate remedies at law other than equitable relief. Since there is no proof that a legal remedy would have been inadequate in this case, injunctive relief may not be granted by this Court.

■ Finally, we address plaintiff's request that the defendants be enjoined from "announcing or posting" his position within the Postal Service.

As stated above, we find that the agency's determination as to the offense committed by plaintiff is supported by substantial evidence in the record as a whole, was not arbitrary or capricious, that the required administrative procedural steps have been substantially complied with, and that the penalty imposed upon plaintiff was not so disproportionate to the offense as to be an abuse of discretion. In view of our finding, plaintiff's request for an injunction to enjoin defendants from filling the vacancy created by his removal will not be granted.

■ Furthermore, plaintiff requested and was granted disability retirement bene-

fits. The Office of Personnel Management approved plaintiff's disability and retirement application and directed the Postal Service to separate plaintiff from his employment. Hence, this final issue has also become moot.[8]

Given the lack of any triable issue of fact, the Court finds it appropriate to enter summary judgment in favor of the defendants. Accordingly, the motion for summary judgment filed by the defendants is hereby GRANTED and the instant action is hereby DISMISSED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

**8.** It appears that other issues might have become moot as well. While plaintiff requests reinstatement and back pay, defendant Postal Service has been directed by the Office of Personnel Management to separate plaintiff from his employment by virtue of the disability bene-

fits that have been granted to him. Any order, directed at the defendants, for the reinstatement of plaintiff would appear to be in direct conflict with the determination made by OPM that plaintiff is disabled and must be granted disability benefits.